UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SAYALI KULKARNI, MD; and ABHIJIT KULKARNI, MD,<br><br>               Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS (VETERANS HEALTH ADMINISTRATION); and DENIS R. MCDONOUGH, SECRETARY,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (DOC. NO. 21) AND TRANSFERRING ACTION TO THE FEDERAL CIRCUIT**<br><br>Case No. 2:24-cv-00210<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Sayali and Abhijit Kulkarni (physicians employed by the Department of Veterans Affairs ("VA")), brought this action against the VA and Douglas A. Collins (Secretary of the VA).[1]  In their 105-page narrative complaint—accompanied by more than sixty exhibits—Plaintiffs allege the VA mistreated them in a variety of ways.[2]  Although their complaint is difficult to follow, Plaintiffs appear to seek review of the Merit Systems Protection Board's ("MSPB") dismissal of two of Plaintiffs' whistleblower retaliation complaints.[3]

---

[1] (*See* Compl., Doc. No. 1.)  Plaintiffs originally named Denis R. McDonough—who was the Secretary of the VA at the time the complaint was filed—as a defendant.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Douglas A. Collins—the current Secretary of the VA—was automatically substituted as the defendant.  (*See* Notice from the Ct., Doc. No. 29.)

[2] (*See* Compl., Doc. No. 1 at 1–105.)

[3] (*See id.* at 1 ("This is a PETITION TO REVIEW MSPB DECISION . . . ."); *see also* Defs.' Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Mot.") 1, Doc. No. 21.)

Defendants have filed a motion to dismiss, arguing district courts lack jurisdiction to review MSPB decisions relating to whistleblower appeals.[4]  Defendants contend Plaintiffs must instead seek judicial review in a federal court of appeals.[5]  Plaintiffs oppose the motion, arguing they properly brought their claims in this court.[6]

Where federal law provides for judicial review of MSPB whistleblower appeals exclusively in federal courts of appeals, this district court lacks jurisdiction over Plaintiffs' claims.  However, justice requires that this case be transferred to the Court of Appeals for the Federal Circuit, rather than dismissed.  Accordingly, Defendants' motion to dismiss is denied, and this case is transferred to the Federal Circuit.[7]

## LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows dismissal of a case for "lack of subject-matter jurisdiction."  A motion to dismiss under Rule 12(b)(1) may take one of two forms—a facial attack or a factual attack.[8]  "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[9]  "A factual attack, on the other hand, goes beyond the factual allegations of the complaint

---

[4] (*See* Mot., Doc. No. 21.)

[5] (*Id.* at 9–10.)

[6] (*See* Resp./Reply to Defs.' Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Opp'n"), Doc. No. 25; *see also* Second Resp. or Reply to Defs.' Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Surreply"), Doc. No. 27.)

[7] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and Rule 72-3(a) of the Local Rules of Civil Practice.  (*See* Doc. No. 23.)

[8] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[9] *Id.* (internal quotation marks omitted).

2

and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[10]  Defendants' motion presents a facial attack because its only references outside of the complaint are to administrative documents which are subject to judicial notice.[11]  When a dismissal motion presents a facial attack, the court applies the same standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[12]

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[13]  At the motion to dismiss stage, the court accepts well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[14]

Because Plaintiffs are proceeding pro se (without an attorney), their filings are construed liberally and held "to a less stringent standard than formal pleadings drafted

---

[10] *Id.* (internal quotation marks omitted).

[11] *See, e.g.*, *Thurman v. Steidley*, No. 16-cv-554, 2017 U.S. Dist. LEXIS 85725, at *11 (N.D. Okla. June 5, 2017) (unpublished) (concluding a Rule 12(b)(1) motion to dismiss relying on court records subject to judicial notice presented a facial attack); *see also Watkins v. Genesh, Inc.*, No. 22-2273, 2024 U.S. Dist. LEXIS 23188, at *3 n.3 (D. Kan. Feb. 9, 2024) (unpublished) ("[T]he Court may take judicial notice of the EEOC documents because they are administrative documents.").

[12] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[13] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[14] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

by lawyers."[15]  Still, pro se plaintiffs must follow the same procedural rules as other litigants.[16]  For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[17]  While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[18] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[19]

## BACKGROUND

Although Plaintiffs' complaint is difficult to follow, Defendants' motion to dismiss includes the general factual background of Plaintiffs' claims[20]—and Plaintiffs do not object to this characterization.[21]  Between 2015 and 2020, Plaintiffs filed several administrative complaints before the Equal Employment Opportunity Commission ("EEOC"), alleging the VA discriminated against Plaintiffs in various ways.[22]  Plaintiffs also filed complaints with the United States Office of Special Counsel, alleging the VA

---

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[17] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[18] *Hall*, 935 F.2d at 1110.

[19] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

[20] (*See* Mot. 5–8, Doc. No. 21.)

[21] (*See generally* Opp'n, Doc. No. 25; Surreply, Doc. No. 27.)

[22] (Mot. 5, Doc. No. 21.)

created a hostile work environment and reduced their pay scales in retaliation for
Plaintiffs' whistleblowing activities regarding the VA's management of its Compensation
and Pension Section.[23]  After the Office of Special Counsel informed Plaintiffs it was
terminating its investigations, Plaintiffs filed individual right of action ("IRA") appeals with
the MSPB,[24] pursuant to the Whistleblower Protection Act.[25]  An MSPB administrative
law judge ("ALJ") dismissed the appeals for lack of jurisdiction, finding Plaintiffs'
disclosures reflected communications about policy decisions, rather than protected
whistleblowing activity.[26]  Plaintiffs then petitioned the full MSPB for review of the ALJ's
decision.[27]

While Plaintiffs' MSPB appeal petitions were pending, Plaintiffs reached
settlement agreements with the VA, agreeing to dismiss all their EEOC and MSPB
cases besides the two IRA appeals at issue in this case.[28]  As to the two remaining IRA
appeals, Plaintiffs agreed to dismiss all their claims except for "the claim[s] related to

---

[23] (*Id.*); *see also* 5 U.S.C. § 1214(a)(1)(A) (permitting federal employees to file
complaints with the Office of Special Counsel about unlawful personnel actions).

[24] (*See* Mot. 6, Doc. No. 21; Ex. A to Mot., S. Kulkarni IRA Appeal, Doc. No. 21-2; Ex. B
to Mot., A. Kulkarni IRA Appeal, Doc. No. 21-3.)  Plaintiffs' IRA appeals are substantially
identical—Plaintiffs each brought their own appeal alleging the same claims.

[25] 5 U.S.C. §§ 1201 et seq.

[26] (*See* Mot. 6, Doc. No. 21; Ex. C to Mot., S. Kulkarni ALJ Decision, Doc. No. 21-4;
Ex. D to Mot., A. Kulkarni ALJ Decision, Doc. No. 21-5.)

[27] (*See* Mot. 6, Doc. No. 21; Ex. E to Mot., S. Kulkarni MSPB Appeal, Doc. No. 21-6;
Ex. F to Mot., A. Kulkarni MSPB Appeal, Doc. No. 21-7.)

[28] (*See* Mot. 6, Doc. No. 21; Ex. G to Mot., S. Kulkarni MSPB Order, Doc. No. 21-8; Ex.
H to Mot., A. Kulkarni MSPB Order, Doc. No. 21-9.)

the alleged pay table demotion."[29]  The MSPB then affirmed the ALJ's decisions

regarding the remaining pay table claims, finding Plaintiffs' alleged whistleblowing

disclosures amounted to policy disagreements over "a lawful exercise of discretionary

authority" rather than "a protected disclosure of an abuse of authority."[30]

Plaintiffs then appealed the MSPB's final decisions to the EEOC.[31]  The EEOC

dismissed Plaintiffs' appeals for lack of jurisdiction because the MSPB appeals did not

involve allegations of discrimination.[32]  The EEOC decision letters included a notice

stating Plaintiffs had the right to appeal the IRA decisions in federal district court.[33]

Plaintiffs then filed this action, seeking review of the MSPB's final decisions.[34]

## ANALYSIS

Under the Whistleblower Protection Act, a federal employee who believes her

employer retaliated against her for engaging in protected whistleblowing may file a

---

[29] (*See* Mot 6–7, Doc. No. 21; *see also* Compl., Doc. No. 1 at 1.)

[30] (*See* Mot. 7–8, Doc. No. 21; Ex. G to Mot., S. Kulkarni MSPB Order 11, Doc. No. 21-8; Ex. H to Mot., A. Kulkarni MSPB Order 8, Doc. No. 21-9.)

[31] (*See* Mot. 8, Doc. No. 21; *see also* Ex. I to Mot., S. Kulkarni EEOC Decision 2, Doc. No. 21-10; Ex. J to Mot., A. Kulkarni EEOC Decision 2, Doc. No. 21-11.)

[32] (*See* Mot. 8, Doc. No. 21; *see also* Ex. I to Mot., S. Kulkarni EEOC Decision 2, Doc. No. 21-10; Ex. J to Mot., A. Kulkarni EEOC Decision 2, Doc. No. 21-11.)

[33] (*See* Surreply, Doc. No. 27 at 1; Opp'n, Doc. No. 25 at 1–2; *see also* Ex. I to Mot., S. Kulkarni EEOC Decision 3, Doc. No. 21-10 ("You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision."); Ex. J to Mot., A. Kulkarni EEOC Decision 3, Doc. No. 21-11 (same).)

[34] (*See* Compl., Doc. No. 1 at 1 ("This is a PETITION TO REVIEW MSPB DECISION . . . .").)

complaint with the United States Office of Special Counsel.[35]  If the Office of Special

Counsel terminates the investigation without seeking corrective action, the employee

may file an IRA appeal with the MSPB.[36]  "Importantly, in an IRA appeal to the [MSPB],

the [MSPB's] review is limited to the merits of allegations of violations of the

Whistleblower Protection Act"—discrimination claims cannot be raised in IRA appeals.[37]

ALJs issue initial decisions in IRA appeals, and the employee may appeal the ALJ's

decision to the full MSPB.[38]  An employee may seek judicial review of an adverse final

MSPB IRA appeal decision "in the United States Court of Appeals for the Federal

Circuit or any court of appeals of competent jurisdiction."[39]  The EEOC and federal

district courts do not have jurisdiction to review the MSPB's IRA appeal decisions—

jurisdiction is exclusively vested in federal circuit courts.[40]

      IRA appeals necessarily involve whistleblower protection claims.  When an

employee complains of a personnel action which is appealable to the MSPB[41] *and*

---

[35] 5 U.S.C. § 1214(a)(1)(A); *see also Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020).

[36] 5 U.S.C. § 1214(a)(3).

[37] *Young*, 961 F.3d at 1327 (citing 5 C.F.R. § 1209.2(c)).

[38] *See* 5 C.F.R. §§ 1201.41, 1201.111.

[39] 5 U.S.C. § 7703(b)(1)(B).

[40] *See Young*, 961 F.3d at 1327; *see also Fulkerson v. Comm'r, SSA*, No. 21-2001, 2021 U.S. App. LEXIS 29110, at *9 (10th Cir. Sept. 27, 2021) (unpublished) ("To the extent the claim seeks review of the MSPB's IRA decisions, the district court lacked jurisdiction." (citing 5 U.S.C. § 7703(b)(1)(B))).

[41] *See* 5 U.S.C. § 7512 (explaining what personnel actions may be appealed to the MSPB).

attributes the employer's decision to unlawful discrimination, the employee has a "mixed case."[42]  But IRA appeals "by definition are never 'mixed cases'" because an employee cannot bring discrimination claims in an IRA appeal.[43]  (Mixed cases proceed under a different set of administrative procedures.)  Here, the critical difference is that federal district courts review mixed cases, while federal circuit courts review IRA appeals.[44]  Because Plaintiffs filed IRA appeals, not mixed cases, this court lacks jurisdiction to review their claims.[45]  The proper forum for review of Plaintiffs' IRA appeals is "the Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction."[46]

　　　In contending this court has jurisdiction, Plaintiffs make two arguments.  Both fail.  First, Plaintiffs appear to contend their cases are "mixed" because they involve discrimination claims.[47]  But in their settlement agreements with the VA, Plaintiffs

---

[42] *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422–23 (2017).

[43] *Young*, 961 F.3d at 1327–28.

[44] *See* 5 U.S.C. §§ 7703(b)(2) (providing that judicial review of mixed cases proceeds under federal discrimination statutes, which provide for review in federal district court), 7703(b)(1)(B) (providing for judicial review of IRA appeals in federal circuit courts); *see also Young*, 961 F.3d at 1327 ("We agree with the [MSPB] that jurisdiction over this [IRA] appeal lies with this court (or another circuit court of competent jurisdiction), and not with a district court.  This is a petition for review of an IRA appeal, not a petition for review of a 'mixed case' appeal in which a claim of discrimination is combined with a challenge to an adverse agency action.").

[45] *See, e.g.*, *Fulkerson*, 2021 U.S. App. LEXIS 29110, at *9 ("To the extent the claim seeks review of the MSPB's IRA decisions, the district court lacked jurisdiction.").

[46] *See* 5 U.S.C. § 7703(b)(1)(B).

[47] (*See* Surreply, Doc. No. 27 at 1 (arguing the "[p]ay table demotion issue is a part of our discrimination claim carved out of our [] settlement agreements").)

agreed to dismiss all but the two IRA appeals at issue in this case.[48]  And as explained

above, "an IRA appeal to the [MSPB] cannot involve a discrimination ground and,

therefore, an IRA appeal is never a 'mixed' case."[49]

Second, Plaintiffs argue their EEOC decision letters expressly stated they had

the right to appeal the IRA decisions in federal district court.[50]  In *Rizzo v. Wilkie*,[51] the

district court addressed similar facts.  In *Rizzo*, the plaintiff sought to appeal an adverse

MSPB IRA decision to the EEOC.[52]  Because IRA appeals are not mixed cases, the

---

[48] (*See* Mot. 6, Doc. No. 21; Ex. G to Mot., S. Kulkarni MSPB Order 5–6, Doc. No. 21-8; Ex. H to Mot., A. Kulkarni MSPB Order 4–5, Doc. No. 21-9.)  To the extent Plaintiffs attempt to bring new discrimination claims, they cannot, without first exhausting their administrative remedies.  *See Coffman v. Glickman*, 328 F.3d 619, 623–24 (10th Cir. 2003) (noting "a federal employee must exhaust his or her administrative remedies in order to obtain *de novo* review of unlawful discrimination claims by a district court," and "[t]he administrative exhaustion requirement applies regardless of which administrative path the federal employee elects"); *see also Rizzo v. Wilkie*, No. 18-35, 2019 U.S. Dist. LEXIS 48743, at *23 (E.D. Ky. Mar. 25, 2019) (unpublished) ("[The plaintiff] must have presented any discrimination argument before the MSPB and cannot now assert discrimination in this case.").

[49] *Gessel v. Merit Sys. Prot. Bd.*, No. 2021-1815, 2022 U.S. App. LEXIS 1387, at *6–7 (Fed. Cir. Jan. 19, 2022) (unpublished) (citing *Young*, 961 F.3d at 1327–28) (holding the plaintiff's IRA appeal definitionally could not be a mixed case, despite the plaintiff's contention that he raised a discrimination claim).

[50] (*See* Surreply, Doc. No. 27 at 1; Opp'n, Doc. No. 25 at 1–2; *see also* Ex. I to Mot., S. Kulkarni EEOC Decision 3, Doc. No. 21-10 ("You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision."); Ex. J to Mot., A. Kulkarni EEOC Decision 3, Doc. No. 21-11 (same).)

[51] No. 18-35, 2019 U.S. Dist. LEXIS 48743 (E.D. Ky. Mar. 25, 2019) (unpublished).

[52] *See id.* at *9.

9

EEOC concluded it lacked jurisdiction to consider the petition.[53]  The EEOC's decision

(like the decision at issue here) contained what appears to be a boilerplate notice of the

right to appeal the MSPB's decision in federal district court.[54]  In reliance on this notice,

the *Rizzo* plaintiff sought review of the IRA appeal decision in district court.[55]

The court dismissed the case for lack of jurisdiction, holding the IRA appeal was

unreviewable in federal district court because the case was not mixed.[56]  The erroneous

EEOC notice did not impact the court's jurisdictional analysis, because "only Congress,

not the EEOC, can determine a lower court's subject matter jurisdiction."[57]  So too here.

---

[53] *Id.* at *22 ("[The plaintiff] appealed her MSPB action to the EEOC, which declined her petition for review because her case was not mixed as there was 'no indication that Petitioner's whistleblower activity involved allegations of employment discrimination.'").

[54] *See id.* at *25.  The EEOC notice provision in *Rizzo* contained the exact same language as Plaintiffs' EEOC notices.

[55] *See id.* at *7.

[56] *See id.* at *22–23.  To the extent Plaintiffs' complaint could be construed as appealing the EEOC's decisions not to review the MSPB decisions, the court still lacks jurisdiction. As the *Rizzo* court explained, while 5 U.S.C. § 7702(a)(3) permits judicial review of the EEOC's refusal to review an MSPB decision *in mixed cases*, judicial review in non-mixed cases is governed by 5 U.S.C. § 7703—which does not provide for judicial review of the EEOC's refusal to review an MSPB decision.  *See id.* at *28–30 (holding the district court lacked jurisdiction to review the EEOC's decision not to consider the MSPB decision); *see also* 5 U.S.C. § 7702(a)(3) ("Any decision of the [MSPB] under paragraph (1) of this subsection [which describes mixed cases] shall be a judicially reviewable action as of . . . the date the [EEOC] determines not to consider the decision under subsection (b)(2) of this section.").

[57] *Rizzo*, 2019 U.S. Dist. LEXIS 48743, at *26 (quoting *Wilborn v. Napolitano*, No. 11-cv-2252, 2012 U.S. Dist. LEXIS 12392, at *12 (S.D. Cal. Feb. 2, 2012) (unpublished) (noting "Plaintiff's right to sue notice from the EEOC cannot expand the limited grant of federal court jurisdiction Congress provided"); *cf. Oja v. Dep't of the Army*, 405 F.3d 1349, 1356–57 (Fed. Cir. 2005) (finding the plaintiff's improper appeal of an MSPB decision to the EEOC did not toll the statutory appeal period, even accepting the plaintiff's allegation "that the EEOC and the MSPB led him to believe that his claim was being addressed as a mixed-case appeal and thus properly brought before the EEOC").

The EEOC notices Plaintiffs received do not establish a right to review in district court. Where federal law provides for judicial review of the MSPB's IRA appeals decisions exclusively in federal circuit courts, this court lacks jurisdiction over Plaintiffs' claims.

However, dismissal is not the only available option.  Under 28 U.S.C. § 1631, when a court concludes it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to any court "in which the action or appeal could have been brought at the time it was filed."[58]  In determining whether a transfer is in the interest of justice, courts consider whether the claims would be time-barred if refiled in the correct court, whether they are "likely to have merit," and whether "the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'"[59]  Considering these factors, a transfer is in the interest of justice.

First, Plaintiffs' claims would be time-barred if filed anew in the correct court.  A petition for review of an MSPB action must be filed within sixty days of the MSPB's final decision.[60]  The MSPB issued its final decisions in Plaintiffs' cases on January 30,

---

[58] 28 U.S.C. § 1631; *see also, e.g.*, *Teufel v. Dep't of the Army*, 625 F. App'x 874, 876–77 (10th Cir. 2015) (unpublished) (noting courts have discretion to decide whether an MSPB appeal brought in the wrong court should be transferred or dismissed (citing 28 U.S.C. § 1631)).  Though neither party has moved to transfer this case, "[a] motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions." *Young v. State Gov't of Okla.*, 98 F. App'x 760, 763 (10th Cir. 2004) (unpublished) (citation omitted).

[59] *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (quoting *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996)).

[60] *See* 5 U.S.C. § 7703(b)(1)(B).

2024.[61]  Plaintiffs filed their complaint in this case on March 19, 2024—within the sixty-day deadline.[62]  But the sixty-day period has now lapsed, meaning Plaintiffs' claims would be time-barred if refiled in the correct court.  Accordingly, this factor weighs in favor of transfer.[63]

As to the potential merits, where Plaintiffs' complaint is challenging to follow, it's difficult to say their claims "likely" have merit.  On the flip side, Plaintiffs' claims do not appear to be "clearly doomed."[64]  While the MSPB found Plaintiffs failed to adequately allege they made protected disclosures, it reached this conclusion as a matter of case analogy—weighing whether Plaintiffs disclosed an abuse of authority versus a lawful exercise of discretionary authority.[65]  This type of analysis is properly the subject of an appeal.  In other words, this factor does not weigh strongly towards transfer or dismissal.

---

[61] (*See* Ex. G to Mot., S. Kulkarni MSPB Order 1, Doc. No. 21-8; Ex. H to Mot., A. Kulkarni MSPB Order 1, Doc. No. 21-9.)

[62] (*See* Compl., Doc. No. 1.)

[63] *See Teufel*, 625 F. App'x at 876 (noting "this factor weighs against dismissal" where the refiled claims would be time-barred, because dismissal without prejudice will "have the practical effect of a dismissal with prejudice" (quoting *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009))); *Rizzo*, 2019 U.S. Dist. LEXIS 48743, at *37 (declining to transfer case because the plaintiff's complaint was filed outside the sixty-day period).

[64] *Cf. Teufel*, 625 F. App'x at 876 (finding transfer "would be a waste of judicial resources" because the plaintiff's appeal was untimely (quoting *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000))).

[65] (*See* Ex. G to Mot., S. Kulkarni MSPB Order 7–15, Doc. No. 21-8; Ex. H to Mot., A. Kulkarni MSPB Order 7–15, Doc. No. 21-9.)

Finally, as Plaintiffs point out, the EEOC notices explicitly indicated Plaintiffs had a right to challenge the MSPB decisions in a federal district court.  Nothing suggests Plaintiffs (who filed this action without an attorney) knew or should have known this court lacked jurisdiction over their claims.  Indeed, it appears Plaintiffs acted in good faith reliance on this notice.  This factor weighs strongly in favor of transfer.

Weighing all the factors, transfer furthers the interest of justice.  Accordingly, this case is transferred to the Court of Appeals for the Federal Circuit.[66]

## CONCLUSION

The court lacks jurisdiction to review Plaintiffs' IRA appeals.  However, because transfer is in the interests of justice, the clerk is directed to transfer this case to the United States Court of Appeals for the Federal Circuit.  Defendants' motion to dismiss[67] is denied.

DATED this 24th day of March, 2025.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge

---

[66] As explained above, the MSPB decisions at issue are subject to judicial review in "the Federal Circuit or any court of appeals of competent jurisdiction."  5 U.S.C. § 7703(b)(1)(B).  Where neither party addressed which court of appeals should hear this case, transfer to the Federal Circuit is appropriate.

[67] (Doc. No. 21.)